06CV785
JUDGE FILIP
MAG. VALDEZ

IN THE UNITED STATE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

ERICA MARTINEZ,                )
                               )
        Plaintiff,             )
                               )   FILED
        v.                     )   FEB 1 0 2006
                               )   MICHAEL W. DOBBINS
CITY OF CHICAGO and UNKNOWN    )   CLERK, U.S. DISTRICT COURT
CHICAGO POLICE OFFICERS,       )
                               )   JURY TRIAL DEMANDED
        Defendants.            )

### COMPLAINT

NOW COMES Plaintiff, ERICA MARTINEZ, by and through her attorneys, LOEVY & LOEVY, and complaining of Defendants, CITY OF CHICAGO and UNKNOWN CHICAGO POLICE OFFICERS ("Defendant Officers"), states as follows:

### Introduction

1. This action is brought under 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

### Jurisdiction and Venue

2. This Court has jurisdiction of the action under 28 U.S.C. §§ 1331 and 1367.

3. Venue is proper as Plaintiff is a resident of this judicial district and Defendant City of Chicago is a municipal corporation located here. Further, the events giving rise to the claims asserted here all occurred within this district.

## Background

4. Erica Martinez, 26 years old, works full time, performing accounting and other tasks. She lives in Chicago with her 10-year-old son.

5. On or about October 23, 2005, Ms. Martinez arrived home to her apartment at 2512 N. Kostner and noticed that her son's bedroom light was on. Because her son was out of town, she began to worry that someone had broken into her apartment.

6. Ms. Martinez's next door neighbors knocked on her door. These neighbors told Ms. Martinez that four Chicago police officers had been to their apartment looking for someone. They said that shortly after that, they saw the officers "bang down" Ms. Martinez's back door. Ms. Martinez then went to her back door and found that her screen door had been cut in half and the locks on her inner door were destroyed. No warrant had been left in Ms. Martinez's apartment.

7. Ms. Martinez immediately called the police, and two Chicago Police officers came to her apartment. The officers performed a brief investigation, and one officer "apologized" to Ms. Martinez, saying, "There's always a bad seed in the bunch," or words that effect.

### Count I -- 42 U.S.C. § 1983
### Fourth Amendment

8. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

2

9. As described more fully above, Plaintiff's home was searched by the Defendant Officers in a manner which violated the Fourth Amendment.

10. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

11. The policy and practice of the City of Chicago were the moving force behind these constitutional violations in that:

    a. As a matter of both policy and practice, the City of Chicago directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

    b. As a matter of both policy and practice, the City of Chicago facilitates the very type of misconduct at issue here by failing to adequately investigate, punish and discipline prior instances of similar misconduct, thereby leading its officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff;

    c. Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the City of Chicago abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the

City of Chicago makes findings of wrongdoing in a disproportionately small number of cases;

    d. Even when there is sufficient evidence for probable cause to believe that officers committed crimes, the Chicago Police Department does not pursue criminal charges against the officers as it would against citizens who commit the same crimes;

    e. Municipal policy-makers are aware of (and condone and facilitate by their inaction) a "code of silence" in the Chicago Police Department, by which police officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case; and

    f. The City of Chicago has knowledge of, and the relevant policy-makers have failed to act to remedy, the patterns of abuse describe in the preceding sub-paragraphs, despite actual knowledge of the same, thereby tacitly approving and ratifying the type of misconduct alleged here.

    12. As a result of the unjustified violation of Plaintiff's rights by the the Defendant Officers, as well as the City's policy and practice, Plaintiff has suffered injury, as well as emotional distress.

    13. The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment and under color of law such that their employer, CITY OF CHICAGO, is liable for his actions.

## Count V -- State Law Claim
### Respondeat Superior

14. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

15. In committing the acts alleged in the preceding paragraphs, the Defendant Officers were members and agents of the Chicago Police Department acting at all relevant times within the scope of their employment.

16. Defendant City of Chicago is liable as principal for all torts committed by its agents.

## COUNT VI -- State Law Claim
### Indemnification

17. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

18. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

19. The Defendant Officers are or were employees of the Chicago Police Department, who acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, Plaintiff, ERICA MARTINEZ, respectfully requests that this Court enter judgment in her favor and against Defendants, CITY OF CHICAGO and UNKNOWN CHICAGO POLICE OFFICERS, awarding compensatory damages and attorneys' fees, along with punitive damages against the Defendant Officers in their individual capacities, as well as any other relief this Court deems just and appropriate.

### JURY DEMAND

Plaintiff, ERICA MARTINEZ, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED,

*[signature]*
Attorneys for Plaintiff

Arthur Loevy
Michael Kanovitz
Jon Loevy
Samantha Liskow
LOEVY & LOEVY
312 North May St
Suite 100
Chicago, IL 60607
(312) 243-5900